1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PERCY LEVY,

                Petitioner,

    v.

JEFFREY UTTECHT,

                Respondent.

CASE NO. C06-1224JLR

ORDER

## I.  INTRODUCTION

      This matter comes before the court upon a Report and Recommendation ("R&R") of the Honorable Mary A. Theiler, Magistrate Judge (Dkt. # 35) on Percy Levy's petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Judge Theiler recommends denying Mr. Levy's petition with prejudice.  Having reviewed the R&R, Respondent Jeffrey Uttecht's objections, and the balance of the record in this case, the court ADOPTS the R&R, with modification as described herein.  The court DENIES Mr. Levy's habeas petition (Dkt. # 6), and DISMISSES this action with prejudice.

## II.  BACKGROUND & ANALYSIS

      Mr. Levy, who is proceeding pro se, was convicted by a jury in state court in 2003 on one count of first degree burglary while armed with a deadly weapon, two counts of first degree robbery while armed with a deadly weapon, and one count of second degree

ORDER – 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

possession of a firearm.  He is currently in the custody of the Washington Department of Corrections, serving a term of 330 months.  Judge Theiler's R&R provides a thorough background, including the evidence elicited at Mr. Levy's trial, and a procedural history, which the court incorporates by reference.  Mr. Levy's habeas petition presents seven grounds for relief.  The court adopts without modification Judge Theiler's R&R as to its analysis and dismissal of grounds three through seven.  The court modifies the R&R as to grounds one and two as follows.

Mr. Levy's first two grounds for relief challenge the jury instructions provided at trial.  In his first ground, Mr. Levy contends that the Washington Supreme Court erred in concluding that certain instructions constituted harmless error rather than analyzing the instructions under a structural error standard.  In his second ground, Mr. Levy contends that the jury instructions violated his constitutional rights to trial by jury and due process under the Sixth and Fourteenth Amendments.

In the habeas petition before this court, Mr. Levy does not identify the specific jury instructions underlying the basis of his claims.  On direct appeal, however, Mr. Levy specifically challenged jury instructions 10, 15, 16, and 20, by arguing that they contained impermissible judicial comments on the evidence.  See Administrative Record ("AR"), Ex. 6 at 5 (Dkt. # 18).  Instruction 10 provided:

> To convict the defendant of the crime of burglary in the first degree, as charged in Count 1, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1)  That on or about the 24th day of October, 2002, the defendant, or an accomplice, entered or remained unlawfully in a building: *to-wit: the building of Kenya White, located at 711 W. Casino Rd., Everett, WA;*
>
> (2)  That the entering or remaining was with intent to commit a crime against a person or property therein;
>
> (3)  That in so entering or while in the dwelling or in immediate flight from the dwelling the defendant or an accomplice in the crime charged was armed with a deadly weapon, *to-wit: a .38 revolver or a crowbar; and*
>
> (4)  That the act occurred in the State of Washington

ORDER – 2

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.

On the other hand, if after weighing all of the evidence you have a reasonable doubt as to any one of those elements, then it will be your duty to return a verdict of not guilty.

Id. at 3-4 (emphasis added).  Instruction 15 provided:

To convict the defendant of the crime of robbery in the first degree as charged in Count II, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1)    That on or about the 24th day of October, 2002, the defendant or an accomplice, unlawfully took personal property, *to wit: jewelry*, from the person or in the presence of another, *to-wit: Michael Montemayor*;

(2)    That the defendant intended to commit theft of the property;

(3)    That the taking was against Michael Montemayor's will by the defendant's or an accomplice's, use or threatened use of immediate force, violence or fear of injury to Michael Montemayor;

(4)    That the force or fear was used by the defendant, or an accomplice, to obtain or retain possession of the property;

(5)    That in the commission of these acts the defendant or an accomplice was armed with a deadly weapon, *to wit: a .38 revolver or a crowbar*; and

(6)    That the acts occurred in the State of Washington.

If you find from the evidence that each of these elements has been proved beyond a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Id. at 4-5 (emphasis added).  Instruction 16 was identical to instruction 15, except that it referred to Count III for robbery in the first degree and named as the alleged victim, "Brianna Thorne aka April Ames."  Id.  Instruction 20 provided:

In regard to Counts I, II, III, and IV[1], it is alleged that the defendant, or an accomplice, possessed one or more deadly weapons, *to wit: a .38 revolver or a crowbar*.  To convict the defendant in Counts I, II, III, and IV, the State must prove beyond a reasonable doubt that the defendant possessed one or

---

[1]Like Counts II and III, Count IV charged robbery in the first degree, except that it identified Kenya White as the alleged victim.  The jury found Mr. Levy not guilty on Count IV, but guilty on the remaining counts.  AR, Ex. 6 at 5.

ORDER – 3

1    more deadly weapons.  Further, you must unanimously agree as to which
2    deadly weapon or deadly weapons, (*a .38 revolver or a crowbar*), he possessed.
     [[2]]

3    Id. at 5 (emphasis added).

4         Although Mr. Levy did not take exception to any of the court's instructions during
5    trial, he challenged the "to-wit" language on direct appeal, arguing that the court's
6    references to the apartment address, Kenya White, Michael Montemayor, Brianna
7    Thorne, the revolver, the crowbar, and the jewelry, effectively instructed the jury that
8    elements of the charged crimes had been established as a matter of law and thereby
9    removed those elements from the jury's consideration.  Id. at 5-6.  The Washington Court
10   of Appeals issued a lengthy unpublished opinion concluding that, although some of the
11   "to-wit" statements amounted to improper comments on the evidence, any errors were
12   harmless.  Id. at 5-14.

13        In a petition for review to the Washington Supreme Court, Mr. Levy argued that
14   the Court of Appeals' decision was not only in conflict with Washington law, but also the
15   United States Constitution.  Id., Ex. 11.   In an en banc opinion, the Washington Supreme
16   Court found that the "to-wit" references to the building and the crowbar qualified as
17   improper judicial comments, but that the remaining references did not.  Id., Ex. 12 at 12-
18   13.[3]  Applying Washington law, the Washington Supreme Court presumed that the

19

20        [2]As to Counts I, II, and III, the jury found that Mr. Levy was not armed with a crowbar,
21   but was armed with a firearm.  Id. at 2-5.

22        [3]The Washington Supreme Court concluded that the reference to the revolver did not
23   constitute a judicial comment on the evidence because Washington's pattern jury instructions
     permit a court to instruct the jury that a revolver is a deadly weapon as a matter of law.  AR, Ex.
24   12 at 12.  The Court also found that the trial court's references to jewelry as personal property
     were not error because the pattern jury instructions permit an instruction that a particular piece
25   of property qualifies as personal property, and in Mr. Levy's case, there was no dispute as to
     whether the jewelry was personal property.  Id. at 13.  The Court also found that instructions
26   stating the names of victims were not error because a victim's name is not an element of the
27   offense of robbery, and that simply identifying the victim in each charge did not improperly
     suggest to the jury that it need not find that property was taken from another.  Id.
28

ORDER – 4

1   judicial comments were prejudicial. Id. at 17.[4]  Nonetheless, the Court found that the

2   State had met its burden in demonstrating that the statements did not prejudice Mr. Levy.

3   Id. at 20.  As to the instruction that the apartment was a building, the Court observed that

4   this was not a disputed fact; no reasonable juror could conclude that the apartment was

5   not a building.  Id. at 18. With respect to the crowbar, the court noted that the jury might

6   have erroneously concluded that the crowbar was a deadly weapon as a matter of law;

7   however, because the jury ultimately found that Mr. Levy possessed the firearm and not

8   the crowbar during commission of the crimes, he could not have been prejudiced by the

9   comment. Id. at 19.

10          Judge Theiler recommends dismissing Mr. Levy's habeas petition with respect his

11  claims concerning the jury instructions on the basis that they are essentially state law

12  claims, which are noncognizable in a federal habeas proceeding.  See R&R at 25 (citing

13  Lewis v. Jeffers, 497 U.S. 764, 780 (1990), for the proposition that federal habeas relief

14  does not lie for errors of state law).  Judge Theiler characterizes Mr. Levy's claims below

15  as implicating only state, not federal, constitutional concerns: Mr. Levy's "argument to

16  the [Washington] Supreme Court that the judicial comments in the jury instructions

17  constituted structural errors under United States Supreme Court case law, did not convert

18  the state law claim . . . into a federal constitutional claim."  Id.

19          Although the court agrees that grounds one and two of Mr. Levy's habeas petition

20  should be dismissed, the court declines to adopt the analysis provided by the R&R as the

21  basis for dismissal.  The court concludes that Mr. Levy fairly presented his claims

22

23
        ─────────────────

24          [4]The Washington Supreme Court considered and rejected Mr. Levy's argument that,
    under federal constitutional law, the judicial comments constituted structural errors requiring

25  automatic reversal.  AR, Ex. 12 at 15-17.  The Court likewise rejected the State's argument that
    the appropriate standard of review was a harmless error analysis under Neder v. United States,

26  527 U.S. 1, 8 (1999).  Id.  The court instead held that under Washington law, judicial comments
    are presumptively prejudicial, thereby placing the burden on the State to show that Mr. Levy

27  was not prejudiced.  Id. at 17 (citing State v. Lane, 889 P.2d 929 (Wash. 1995)).

28

ORDER – 5

concerning the jury instructions as federal constitutional claims.  At the threshold, there is no question that Mr. Levy cites to the United States Constitution and numerous federal cases in support of his argument that the instructions violated his rights of due process and trial by jury in his federal habeas petition before this court.  See Pet. at 21-23.  In order to fairly present, and thus exhaust, a federal claim in state proceedings, a petitioner must, at a minimum, alert a state court "to the fact that the [petitioner is] asserting claims under the United States Constitution."  Duncan v. Henry, 513 U.S. 364, 365-66 (1995).  As the Washington Supreme Court expressly acknowledged, Mr. Levy relied on federal constitutional law in challenging the jury instructions on direct appeal.  AR, Ex. 12 at 14 ("Levy argues that judicial comments are . . . structural errors subject to automatic reversal under Neder [Neder v. U.S., 527 U.S. 1 (1999)].").  Indeed, the second argument heading in Mr. Levy's brief to the Washington Supreme Court states, "THE INSTRUCTIONAL ERRORS ARE STRUCTURAL AND THEREFORE PURSUANT TO NEDER ARE NOT SUBJECT TO HARMLESS ERROR ANALYSIS."  Id., Ex. 11 at 17.  Here, Mr. Levy's explicit reliance on federal law sufficiently demonstrates the fair presentation of a federal constitutional claim.  See Dye v. Hofbaur, 546 U.S. 1, 6 (2005) ("This is not an instance where the habeas petitioner failed to 'apprise the state court of his claim that the . . . ruling of which he complained was not only a violation of state law, but denied him [a federal constitutional right].'") (quoting Duncan 513 U.S. at 366).  Even Respondent concedes that Mr. Levy properly exhausted claims one and two "by having presented such claims to the Washington Supreme Court as federal constitutional claims."  Resp't's Answer at 10 (Dkt. # 15).

Accordingly, the court considers under the Anti-terrorism and Effective Death Penalty Act ("AEDPA") whether the state court's adjudication of these claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.  See 28 U.S.C. § 2254(d)(1).  Applying these standards to the state's last reasoned decision, Ylst v. Nunnmaker, 501 U.S. 797,

ORDER – 6

802-04 (1991), the court holds that Washington Supreme Court's dismissal of Mr. Levy's claims was neither contrary to, nor involved an unreasonable application of, federal law.

In <u>Neder</u>, the Supreme Court held that an erroneous jury instruction that omits an element of an offense is subject to a harmless error analysis, and employed the test set forth in <u>Chapman v. California</u>, 386 U.S. 18 (1967) to determine whether an instructional error was harmless.  <u>Neder</u>, 527 U.S. at 15.   The test set forth in <u>Chapman</u> is "[w]hether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained."  <u>Chapman</u>, 386 U.S. at 24.  The <u>Neder</u> Court held that the trial court's failure to instruct the jury on the element of materiality of a tax offense did not contribute to the guilty verdict because materiality went uncontested during trial.  <u>Neder</u> 527 U.S. at 16.

Mr. Levy argues in these proceedings that the harmless error analysis adopted in <u>Neder</u> is inapplicable because the instructional error in his trial was structural, warranting automatic reversal.  Mr. Levy presented the same argument on direct appeal.  In rejecting this argument, the Washington Supreme Court noted that "there are qualitative differences" between structural errors and a trial-type errors, chiefly that a structural error taints the entire proceedings, whereas trial-type errors do not.  <u>See</u> AR, Ex. 12 at 16 n. 3 (observing the "very limited class of [structural] errors," which the United States Supreme Court has held to warrant automatic reversal, including, a defective reasonable doubt jury instruction, racial discrimination in grand jury selection, denial of self-representation, denial of a public trial, denial of counsel, and a biased trial judge).  The Washington Supreme Court upheld Mr. Levy's conviction on the basis that the judicial comments were not structural error, and that the record affirmatively demonstrated that no prejudice could have resulted from the instructions at issue.

Notwithstanding Mr. Levy's argument to the contrary, the analysis of the Washington Supreme Court is consistent with <u>Neder</u>.  Although the Washington Supreme Court presumed prejudice from the judicial comments – a more stringent standard than the <u>Neder</u> harmless error analysis – the Washington Supreme Court's resolution of Mr.

ORDER – 7

Levy's claims was not contrary to, or an unreasonable application of, federal law. First, even assuming that the challenged instructions constituted error, they are not structural. The Neder Court held that an "an instruction that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." Neder, 527 U.S. at 8. Here, the instructions that allegedly established the existence of certain elements as a matter of law are analogous to the instructions omitting elements at issue in Neder. Both the comments here and the omissions in Neder preclude the jury from making findings as to each element of the offense. Under controlling Supreme Court precedent, such instructional error triggers harmless error review.

The record demonstrates that the challenged comments did not contribute to the verdict obtained. See Chapman, 386 U.S. at 24. As explained by the Washington Supreme Court, the record contained no evidence that could lead a rational juror to a contrary finding with respect to the elements at issue – i.e., that a firearm is a deadly weapon, that an apartment address is a building, and that jewelry is personal property. The instruction stating that a crowbar is a deadly weapon could not have been prejudicial because the jurors found that Mr. Levy did not possess a crowbar during the commission of the crimes. Finally, with respect to identifying the alleged victims, the Washington Supreme Court aptly observed that such an instruction did not affect the jury's obligation to make findings as to each element of the offenses.

Moreover, even if this court were to conclude that the Washington Supreme Court improperly applied the Neder standard, a conclusion not supported by the record, such a conclusion would not entitle Mr. Levy to relief in these proceedings. The underlying issue remains whether the erroneous jury instructions deprived Mr. Levy of his federal constitutional right to a jury trial under the Sixth Amendment or due process under the Fourteenth Amendment. The Chapman harmless error standard, which was relied upon by the Supreme Court in Neder, is the appropriate standard for determining whether an error is harmless on direct appeal. A less onerous standard, however, is applicable on

ORDER – 8

habeas review.  See Brecht v. Abrahamson, 507 U.S. 619, 623 (1993).  The standard for determining whether relief is warranted on federal habeas review is whether any claimed error "had a substantial and injurious effect or influence in determining the jury's verdict."  Id. at 63 (quotation omitted).  As evidenced by the R&R's detailed description of the evidence adduced during trial, the record amply supports the jury's verdict.  Considering the entirety of the trial record, the court is satisfied that any erroneous instructions did not have a "substantial and injurious effect or influence in determining the jury's verdict."  Id.  Under AEDPA, the court is not at liberty to disrupt the finality of Mr. Levy's state court convictions.

### III.  CONCLUSION

For the foregoing reasons, the court ADOPTS Judge Theiler's R&R (Dkt. # 35) with modification as described above.  The court DENIES Mr. Levy's petition for writ of habeas corpus (Dkt. # 6), and DISMISSES this action with prejudice.  The court directs the clerk to enter judgment consistent with this order, and to send copies of this order to Mr. Levy, counsel for Respondent, and the Honorable Mary Alice Theiler.

Dated this 14th day of August, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 9